**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **In Re:** ) | |
| ) | |
| **BEN POURBABAI,** ) | **Case No. 18-13560-BFK** |
| ) | **Chapter 13** |
| **Debtor.** ) | |
| ) | |
| ) | |
| **KYLE SKOPIC AND** ) | |
| **CHRISTINE POURBABAI,** ) | |
| ) | |
| **Movants,** ) | |
| ) | |
| v. ) | **Contested Matter** |
| ) | |
| **BEN POURBABAI, and** ) | |
| **THOMAS GORMAN, TRUSTEE,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**JOINDER TO KYLE SKOPIC AND CHRISTINE POURBABAI'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COME NOW, Hasmik Martirosyan and Calvin Minasian ("Purchasers"), by counsel, in support of Kyle Skopic and Christine Pourbabai's Motion for Relief from the Automatic Stay ("the Motion") pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a), and hereby state as follows:

**BACKGROUND**

1.  This is a proceeding seeking relief from the automatic stay and is a contested matter pursuant to Bankruptcy Rules 4001 and 9014, and this matter is a core proceeding and this Court has jurisdiction properly founded upon 28 U.S.C. §§ 157 and 1334.

2. The Debtor, Ben Pourbabai ("Mr. Pourbabai" or "Debtor"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 23, 2018. Thomas Gorman ("Trustee") is the duly appointed and standing Chapter 13 Trustee herein.

3. Almost one year before this filing, on December 15, 2017, the Circuit Court of Fairfax County, Virginia ("the Circuit Court") appointed Kyle Skopic as Commissioner of Sale to facilitate and oversee the sale of marital property of Debtor Ben Pourbabai and Christine Pourbabai, as ordered by a Final Divorce Decree.

4. On or about October 4, 2018, the Commissioner entered into a contract for the sale of 1077 Paper Mill Court, N.W., Washington DC, 20007 ("the Paper Mill Property") with Purchasers for the sales price of $847,000.00 ("the Paper Mill Contract"). The Paper Mill Contract is the product of an arm's length transaction regarding the Paper Mill Property that is not owned by the Debtor, but instead owned exclusively by Christine Pourbabai. Purchasers are unrelated to the Seller and have never had any contact with Seller. The Paper Mill Contract was negotiated in good faith and was blessed by the Circuit Court when on October 18, 2018, the Circuit Court entered an order of confirmation of sale, ruling that the Purchasers' offer is fair, reasonable, accepted, approved and confirmed by the Circuit Court (the "Sale Order"). The Circuit Court's ruling was entered even after considering objections by Debtor.

5. The Debtor then filed his Chapter 13 petition with this Court seeking to stay the scheduled closings and to impermissibly interfere with the Court-ordered sale five (5) days after entry of the Circuit Court's Sale Order.

6. Kyle Skopic and Christine Pourbabai ("Movants") have filed the Motion, requesting relief from the automatic stay of 11 U.S.C. 362 to permit closing pursuant to the Paper

Mill Contract and completion of distribution of proceeds of sale in accordance with the Order of the Circuit Court. Purchasers now join in that request.

## ARGUMENT

7. Purchasers incorporate the arguments contained within the Motion and join in the Movants' request that this Court issue relief from the stay to allow the parties to perform under the Paper Mill Contract.

8. Pursuant to the Paper Mill Contract, the parties are required to go to settlement on or before November 16, 2018. Purchasers and their lender are prepared to proceed with the closing. The Seller's failure to close on the Paper Mill Property in accordance with the Paper Mill Contract would harm Purchasers substantially.

9. Purchasers have been relying on the ability to take possession of the Paper Mill Property on the date set forth in the Paper Mill Contract. The lease on Purchasers' current rental residence will terminate at the end of November, and Seller's failure to close on the Paper Mill Property prior to that time will place the Purchasers in a dire situation. Purchasers have inquired with their landlord as to the possibility of a lease extension, and landlord has informed that a new lease agreement has already been executed with another tenant. Landlord further informed that an attempt would be made to alter the lease with the new tenant in order to accommodate Purchasers as a result of the current circumstances, but landlord could make no guarantees. As such, Purchasers are uncertain at this time as to whether they will be able to relocate by the end of November, and even if they can, it is unknown how much of an increase in rent they will have to agree to in order to do so. In the likely event that the Purchasers are required to vacate their current residence at the end of the month, they will suffer significant harm if they cannot close and take

occupancy of the Paper Mill Property as they would essentially be homeless, having to immediately find either temporary housing, or enter into a long term lease on short notice.

10. Purchasers will additionally be prejudiced and harmed by any delay as they have already incurred significant expenses and will incur additional expenses moving forward if they cannot close in a timely manner. Not only have the Purchasers already submitted a deposit with a moving company and paid initial closing costs, including but not limited to appraisal fees, inspection fees, and initial lender fee, they were diligent in the loan process and secured a relatively low interest rate which is no longer available. Purchasers have discussed the possibility of a rate lock extension with their lender, but are unsure whether this is a possibility. Even if this option is available, such an extension would only be for a limited time and would require an additional and significant payment by the Purchasers. As such, any additional delay of the closing on the Paper Mill Property may cause the Purchasers to lose their interest rate lock completely. Given that interest rates have risen since the Purchasers locked in their rate, this would either result in the Purchasers being required to pay a higher interest rate resulting in an increased cost of tens of thousands of dollars over the course of a thirty year mortgage, or may ultimately prevent them from being able to purchase the Paper Mill Property at all. Such harm is irreparable and will only occur if Seller breaches the Contract as a result of Debtor's filing and impermissible and likely intentional attempt to block the closing of the Paper Mill Property.

11. Purchasers are newlyweds and first-time homebuyers and have fulfilled all obligations pursuant to the Paper Mill Contract. Purchasers have been unfairly drawn into the marital situation between Debtor and his former spouse, and Purchasers have already incurred significant time and expense in an effort to not only understand the situation and take appropriate

4

and necessary action, but now to assist Christine Pourbabai in complying with the Paper Mill Contract by filing this Joinder Motion.

11. As the failure to close on the closing date of November 16, 2018, would be a breach of contract, the Purchasers reserve all rights and remedies available under applicable state law.

**WHEREFORE**, Hasmik Martirosyan and Calvin Minasian support and join in the Emergency Motion for Relief from Stay to allow the Paper Mill Property to be sold pursuant to a final decree of divorce and related order of equitable distribution of marital property as between the Debtor and Christine Pourbabai.

Respectfully submitted,

/s/ Jessica A. Glajch
Jessica A. Glajch (VSB #83924)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Ave, N.W., 12th Floor
Washington, D.C. 20006
T: (202) 659-6672
F: (202) 659-6699
E:  jglajch@eckertseamans.com

*Counsel for Hasmik Martirosyan and Calvin Minasian*

5

## VERIFICATION

I, Hasmik Martirosyan, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 14th day of November, 2018.

_____
Hasmik Martirosyan

## VERIFICATION

I, Calvin Minasian, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 14th day of November, 2018.

_____
Calvin Minasian

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of November, 2018, a copy of the foregoing was served via first class mail, postage pre-paid, to the Debtor, Debtor's Attorney, counsel for Movants, and Chapter 13 Trustee, and via the ecf system to Debtor's counsel and the Chapter 13 Trustee.

                                                   /s/ Jessica A. Glajch
                                                   Jessica A. Glajch