**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**In re:**

**BEN POURBABAI,**

                    **Debtor.**

**Case No. 18-13560-BFK**

**Chapter 13**

**DEBTOR'S ANSWER TO MOTION OF**
**KYLE SKOPIC AND CHRISTINE POURBABAI FOR RELIEF FROM STAY**

COMES NOW the Debtor, Ben Pourbabai, and files his answer to the Amended Motion for

Relief from the Automatic Stay filed by Christine Pourbabai ("Spouse") and Kyle Skopic

("Commissioner of Sale.") and, in support thereof, the Debtor respectfully states as follows:

**FACTUAL AND PROCEDURAL SUMMARY**

A.      Debtor filed a chapter 13 bankruptcy petition on October 23, 2018 ("Petition Date").

B.      At the time of filing, Debtor had three properties titled in his name and significant

financial interest in a fourth property titled exclusively in his Spouse:

|  | Address | Title | Mortgage Obligor | Estimated Equity |
|---|---|---|---|---|
| 1. | 9896 Sunnybrook Dr Great Falls, VA 22066 | Debtor | Debtor | $49,603.00 |
| 2. | 1077 Papermill Ct, NW Washington, DC 20006 | Former Spouse | Debtor | $210,978.00 |
| 3. | 3628 Reservoir Rd, NW Washington, DC 20006 | Debtor | Debtor | $548,229.00 |
| 4. | 3661 Winfield Ln, NW Washington, DC 20006 | Debtor | Debtor | $649,324.00 |

C.      Debtor is the only obligor to the mortgages secured by these four (4) properties.

D.      All four properties are insured.

E.      During the Debtor and his Spouse's marriage, the family resided at 9896 Sunnybrook

and leased the other three properties. On information and belief, the rental income of some of these

1

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

properties was sufficient to cover all related expenses and to generate material rental income for the family.

F.      Before the Petition Date, the Fairfax Circuit Court entered a final order of divorce ordering the above-identified properties to be sold and that the proceeds from sale be divided in equal share between Debtor and his Spouse.

G.      The Fairfax Circuit Court appointed the Commissioner of Sale to conduct the sale.

H.      After her appointment but before the Petition Date, the Commissioner of Sale changed the locks on the properties to exclude debtor. As of the filing of this pleading, the Commissioner of Sale continues to exercise control over these properties.

I.      On August 13, 2018, PNC Bank filed a Complaint to in the Superior Court for the District of Columbia wherein PNC alleged that the lien securing its second mortgage against 1077 Papermill had been erroneously extinguished in land records ("PNC Complaint"). [Exhibit 1]

J.      On September 12, 2018, Robabeh Adjudan Garakani filed an action in the Superior Court of the District of Columbia alleging that she is the holder of various promissory notes that are collateralized by all the subject properties ("Garakani Complaint"). [Exhibit 2]

K.      Before the D.C. Superior Court had an opportunity to adjudicate either complaint, the Commissioner of Sale contracted to sell two of the properties, free and clear of these alleged claims: (1) 1077 Papermill Court to Calvin and Hasmik Martirosyan for $847,000 and (2) 3628 Reservoir Road to Mehrunnisa Bashir for $1,517.500 (both properties hereinafter referred as the "Subject Properties").

L.      Peculiarly, Mehrunnisa Bashir, the current contract buyer of 3628 Reservoir Road, offered to purchase 3628 Reservoir Road for $57,500.00 more just a year prior.  [Exhibit 3]

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

M.      Debtor filed for an emergency petition for bankruptcy relief on October 23, 2018 and promptly served a suggestion of bankruptcy upon Debtor's Spouse, his Spouse's domestic counsel, and the Commissioner of Sale. [Exhibit 4]

N.      This petition is Debtor's first bankruptcy filing and the deadline for non-government creditor proof of claims is January 2, 2019.

O.      Debtor filed his schedules and statements fourteen days after the emergency filing, at which time, Debtor understood he likely owed too much money to continue in chapter 13.

P.      Debtor filed a motion to convert his case to a chapter 11.

Q.      Since his bankruptcy filing, Debtor has contacted the Commissioner of Accounts to obtain keys for his properties. He has discussed the properties with listing agents and a potential renter who is interested in leasing 3628 Reservoir Road for $7,000 per month. Unfortunately, Debtor's efforts have been stalled due to the inability to show the properties.

R.      Debtor's plan for reorganization includes determining the nature and extent of claims against each property, leasing properties that generated good net income prior to the court's filings, selling other properties that will not generate adequate rental income for sell in the spring of 2019, and making a meaningful repayment to all of his creditors within a reasonable time.

## DISCUSSION

### A.      *This Court should give the Debtor a meaningful opportunity to re-organize.*

In *In re Anderson, 913 F.2d 530* (8th Cir. 1990), the Eighth Circuit reflected that the purpose of the automatic stay is to give debtors breathing room "during the four months in which the debtor is given the exclusive right to put together a plan, see 11 U.S.C. § 1121(b) & (c)(2)."

Here, Debtor filed his first bankruptcy less than three weeks before Movants' lift-stay motion. This initial filing was a "skeletal" petition because the Movants were in the process of selling two

3

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

properties, free and clear of two collateralized obligations for which Debtor is contractually

obligated. Since his filing, Debtor has attempted to determine which properties will generate

sufficient rental income and which ones should be liquidated, but his efforts have stalled due to the

inability to access the properties.

The Movants do not articulate a reason for the urgency in lifting the automatic stay or their

refusal to return control of the properties to the Debtor. Rather, the motion merely suggests that it will

be judicially efficient to allow the sale of the subject properties and argues that allowing such sale

"does not harm the creditors of this estate." [Amended Motion for Relief from the Automatic Stay ¶

23]

This argument, however, ignores the two complaints filed in the D.C. Superior Court claiming

alleged secured interests in the Subject Properties. Further, the Fairfax Court Order awarded the

Spouse 50% of the proceeds from the sale after costs and the secured creditors are paid. The Spouse's

claim is thus subrogated to the secured claims and the claims deadline is January 2, 2019. If the

Spouse contests the validity of any claims, she may object to the filed claim.

In consideration of the fact that this filing is Debtor's first bankruptcy, the matter commenced

less than a month ago, the Debtor's post-filing efforts have been disrupted by the Commissioner of

Sale, and the existence of two alleged secured claims that would be prejudiced by stay-relief, the

Debtor requests this Court deny Movant's request and grant him a meaningful opportunity to

reorganize his finances.

### B.      The Commissioner of Sale lacks standing to file a lift-stay motion.

Section 362(d) provides that a "party in interest" may file a motion for relief from stay.  In

*Mortg. Elect. Registration Sys. v. Freedman* ("*Freedman*"), the bankruptcy court incorporated the

United States Supreme Court doctrine on standing in determining who may file a motion for relief of

4

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

stay: " to have standing: (1) the party must have suffered an injury in fact, (2) "there must be a causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be redressed by a favorable decision." 446 B.R. 625 (Bankr. S.D. Ga. 2011)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In Freedman, the bankruptcy court found that Mortgage Election Registration System ("MERS") had standing because the deed to secure debt grants MERS legal title and a right to foreclose on that title.

Here, the Commissioner of Sale is a nonjudicial officer appointed by the Fairfax Circuit Court to dispose of properties in accordance with a final order of divorce. Like chapter 7 trustees, the Commissioner will receive a percentage of the sales price upon disposition of the properties. Debtor has alienated the Commissioner of Sale by arguing (1) §20-107.3(C) specifically states that Virginia Court have no authority to order the sale of separately titled property, (2) §8.01-96 specifically limits the Commissioner of Sale's power to property located within Virginia and most of the Debtor's properties are within the District of Columbia, and (3) the Fairfax Court the Commissioner has failed to faithfully perform her duties in light of the fact the Commissioner proposes to sell 3628 Reservoir Road to a buyer who offered $57,500 more for the year before. These disputes, however, are a matter for the state court to adjudicate and the Debtor has appealed the final order of divorce to Virginia's Supreme Court.

For the purposes of the bankruptcy matter, the appointment of the commissioner of sale does not vest property rights with the Commissioner. Legal title remains with the Debtor or the Spouse as identified in the deed recorded in land records and equitable interest is awarded to either the Debtor or the Spouse by the final order of divorce. Absent a right that is can be affected by the automatic stay, the Commissioner of Sale lacks standing to bring a lift-stay motion. For that reason, the Debtor respectfully requests this court dismiss the Commissioner of Sale from this matter.

5

C.      *Movants are not entitled to lift stay under §362(d).*

Section 362(d) identifies four situations in which a movant is entitled to lift stay: (1) lack of

adequate protection for party's property interest, (2) absence of debtor's interest in property where

property is not necessary to effect reorganization, (3) 90 days after the petition date pertaining to a

creditor of a single asset real estate, or (4) a secured creditor whose claim or interest debtor has

alienated or delayed with multiple bankruptcy filings.

The Movants tacitly agree that none of these four situations is applicable in this matter. Their

motion for relief from stay does not reference any of the identified grounds for relief referenced in

§362(d) and acknowledges the existence of equity as of the petition date. Further, the motion does not

dispute that these properties are necessary for an effective reorganization nor does it allege that

property interests will be impaired or alienated.

Because none of the statutory reasons to lift stay apply in this matter, the Movants are not

entitled to relief from stay. The Movants recognize they are not entitled to relief and thus only request

this Court grant them discretionary relief.

D.      *Movants have not identified "cause" for relief from stay.*

Although the Movants are not entitled to stay relief, this Court may terminate the stay "for

cause." 11 USC 362(d)(1). Cause is not further defined in the Bankruptcy Code so courts have

exercised discretion in determining whether cause exists to grant relief from the automatic stay on a

case to case basis. *In re Siverling*, 179 BR 909 (1995, BC ED Cal). In *In re Garrison*, the bankruptcy

court granted relief to prevent irreparable harm to rights of party affected by stay. 5 B.R. 256 (1980

BC Ed Mich).

The present stay relief motion raise two arguments: (1) Interest in and the to the Marital

Proeprties were finally adjudicated prior to the filing of debtor's Chapter 13 proceeding, and (2) relief

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

6

should be granted to implement the final order. While it is understandable that the Commissioner of

Sale would like to receive the commission for selling the properties, these grounds do not constitute

"cause" to lift stay. In support of their motion, the Movants cite *In re Robbins,* 964 F.2d 342 (4ᵗʰ Cir.

1992), where a movant sought relief to adjudicate a domestic matter and *In re Roberge*, 188 B.R.

366, 369, where another movant sought relief to proceed with an equitable distribution determination

of property held tenants by the entirety.

The case at bar differ materially from both these cases because the Commissioner of Sale and

the debtor's Spouse have already obtained a state court order determining the equitable distribution.

Further, while Movants suggest the Spouse's separate property does not become property of the

estate, they admit that the Debtor has legal and/or equitable interest in all the subject properties. They

do not deny that there is considerable equity in these properties are part of the Debtor's bankruptcy

estate nor do they allege any irreparable harm to their rights that necessitates a relief from stay.

Unlike the movants in the prior cases, Movants here seek to enforce the state court order

against property of the Debtor's bankruptcy estate which will be needed for reorganization. For these

reasons, the Debtor respectfully requests this Court deny the motion for relief from stay as the

Movants have not identified "cause" for such relief.

*E.    This Court should deny the motion because any harm in delaying payment to the*

*Debtor's Spouse is outweighed by harm to the bankruptcy estate and the rights of other creditors.*

"Cause" to lift the automatic stay should consider the totality of circumstances and balance

the inherent hardship of parties. *See In re Robbins,* 964 F.2d 342 (4th Cir. 1992), *In re Opelika Mfg.*

*Corp*, 66 B.R. 444 (Bankr. N.D. Ill. 1986), *Atl. Marine, Inc. v. Am. Classic Voyages, Co. (In re Am.*

*Classic Voyages, Co.),* 298 B.R. 222 (D. Del. 2003), *In re Priestley,* 93 B.R. 253 (Bankr. D.N.M.

1988).

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

Here, Movants seek permission to enforce a state court judgment by selling two parcels of property from the bankruptcy estate, deducting the cost for the sale and payment to the state court appointed Commissioner of Sale, and then dividing the proceeds between Debtor and the Spouse. The Movants acknowledge that Debtor has considerable equity, the properties are necessary for the reorganization, and the only harm is that the Spouse would be delay in receiving payment. The properties are insured and the Spouse is not a signatory of the promissory note so her credit will not affected by any delinquent mortgage payments. Further, whatever delays alleged by the Commissioner, the Debtor filed his first bankruptcy for less than a month before this hearing.

Conversely, two creditors have asserted secured interest in the collateral that the Commissioner seeks to alienate from the bankruptcy estate. These claims may need to be adjudicated by this Court or by the DC Superior Court, not the Fairfax Circuit Court. Further, the Debtor has equity in these properties and they are necessary for an effective reorganization.

WHEREFORE, the Debtor respectfully requests the Court deny the motion for relief from stay, find the Subject Properties are properties of the bankruptcy estate, find the Commissioner of Accounts lacks standing to bring this motion, direct the control of all property within the banrkuptcy estate be returned to the Debtor in Possession, and grant the Debtor such other and further relief as the Court deems proper

Dated this 20th day of November 2018.                    Respectfully Submitted,
                                                         BEN POURBABAI
                                                         By Counsel

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316

8

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 302
Herndon, Virginia 20170
Telephone: (703) 437-7305
Facsimile: (703) 592-6316

By: /s/ Fenlene H. Edrington
    Fenlene H. Edrington (VSB #82067)
    E-mail: fhe@melawva.com
    Counsel for Debtor

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was served on this 20th day of November, 2018 electronically via CM/ECF, to authorized users, to all parties entitled to receive notice hereof.

                               /s/Fenlene H. Edrington
                               Fenlene H. Edrington, VSB #82067

Moreton & Edrington, P.L.C.
297 Herndon Parkway, Suite 203 | Herndon, Virginia 20170 - 4469
Telephone: (703) 437-7305 | Facsimile: (703) 592-6316