**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **BEN POURBABAI,** | ) | **Case No. 18-13560-BFK** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| **CHRISTINE POURBABAI and KYLE SKOPIC,** | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | **Contested Matter** |
| | ) | |
| **BEN POURBABAI, and** | ) | |
| **THOMAS GORMAN, TRUSTEE,** | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having come before the Court on the amended motion of Christine Pourbabai and Kyle Skopic ("Movants"), by counsel, seeking relief from the automatic stay under 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a) to permit Movants to complete the sale of marital property ordered to be sold pursuant to a Final Order of Divorce and related orders directing sale and equitable distribution of marital property as between the Debtor and Christine Pourbabai;

AND IT APPEARING that Christine Pourbabai is the Debtor's ex-wife and that she obtained a Final Order of Divorce ("Final Order") from the Debtor on July 26, 2017 from the Circuit Court of Fairfax County, Virginia ("Circuit Court")  under which the Circuit Court adjudicated and declared the parties' rights in and to certain marital property, and specifically

ordered that the following marital properties be sold by a duly appointed Commissioner of Sale

and net proceeds split between the Debtor and Christine Pourbabai:

      a.   9896 Sunnybrook Dr., Great Falls, VA 22066;

      b.   1077 Paper Mill Court, N.W., Washington DC, 20007;

      c.   3628 Reservoir Road, N.W., Washington DC, 20007;

      d.   3661 Winfield Lane, N.W., Washington DC, 20007;

      e.   3629 Winfield Lane, N.W., Washington DC 20007;

AND IT FURTHER APPEARING that prior to the final order of appointment of Ms. Skopic as

Commissioner of Sale, that the Debtor individually effected and closed upon the sale of the

marital property at 3629 Winfield Lane, N.W., Washington DC 20007;

AND IT FURTHER APPEARING that the Circuit Court appointed Movant Kyle Skopic as

Commissioner of Sale and directed Ms. Skopic to undertake the sale of the above referenced

marital properties and to split proceeds as between the Debtor and Christine Pourbabai;

AND IT FURTHER APPEARING that Ms. Skopic, in her capacity as Commissioner of Sale,

has entered into sales contracts for the marital properties located at  1077 Paper Mill Court,

N.W., Washington DC, 20007 (the Paper Mill Property") and 3628 Reservoir Road, N.W.,

Washington DC, 20007 (the "Reservoir Property"), and that she is continuing to market the

remaining marital properties pursuant to the terms of the Final Order;

AND IT FURTHER APPEARING that pursuant to the automatic stay of 11 U.S.C. 362 that

closing under the pending contracts for sale of the Paper Mill Property and Reservoir Property

were stayed upon the Debtor's filing of his Chapter 13 petition with this Court, and that such

sales may not be completed absent relief of this Court;

AND IT FURTHER APPEARING, that mortgage payments and other costs of maintaining the marital properties are not currently being made, and that the marital properties are not currently generating income from which such payments may be made;

AND IT FURTHER APPEARING that this Court makes the following findings:

- That Christine Pourbabai holds an interest in and to each of the marital properties currently remaining and such interest(s) are not property of the Debtor's estate pursuant to 11 U.S.C. 541(d);

- That the Final Order is entitled to be enforced according to its terms under, *inter alia,* the doctrines of comity and Full Faith and Credit;

- That the failure to make mortgage payments on each of the marital properties identified herein is causing a loss of equity interests in and to the parties' interests in and to such properties and constitutes a lack of adequate protection necessary to maintenance of the automatic stay pursuant to 11 U.S.C. 362(d);

- That the Movant Kyle Skopic in her capacity as Commissioner of Sale is a custodian as defined under 11 U.S.C. 101(11) and that this Court finds pursuant to 11 U.S.C. 543(d) that the interests of the Debtor and his creditors is better served by leaving Ms. Skopic in place to administer the marital properties subject to the terms and conditions imposed by the Circuit Court and as otherwise set forth herein;

- That good cause exists to grant relief from the automatic stay to Movants, for cause under 11 U.S.C. 362(d), including a lack of adequate protection of the marital interests of Christine Pourbabai in such properties;

then, for the reasons stated herein and from the bench at hearing on this matter, it is hereby

ORDERED, the automatic stay of 11 U.S.C. 362 is hereby terminated so as to permit Movants to complete the sale of the Paper Mill Property and Reservoir Property, and to additionally permit Ms. Skopic in her capacity as Commissioner of Sale to complete the marketing and sale of the remaining marital properties under the terms and conditions set forth in the Final Order and as approved by the Circuit Court;

AND IT IS FURTHER ORDERED, that all undisputed liens and costs of sale, including broker commissions and commissions of Ms. Skopic as approved by order of the Circuit Court shall be paid directly from each sale;

AND IT IS FURTHER ODERED that absent further order of this Court, no setoff of any rights or interests of the Debtor may be made as to his fifty percent (50%) interest in and to the net proceeds of sales, and that the Debtor's portion of proceeds shall be deposited into the Circuit Court as otherwise provided by order of that Court, and that no distributions of such funds may be made without further order of this Court after notice and hearing,

AND IT IS FURTHER ORDERED, that net proceeds necessary to address the disputed lien of PNC Bank in the Paper Mill Property shall be likewise paid into the Circuit Court, to be held pending further order of this Court with this Court retaining jurisdiction to adjudicate any and all such interests,

AND IT IS FURTHER ORDERED, that the rulings made herein are without prejudice to any party to seek further relief of this Court;

AND IT IS FURTHER ORDERED, that good cause exists to waive, and this Court does in fact waive, the fourteen (14) day stay of execution of this Order otherwise provided for under Rule 4001 of the Fed. Rules of Bankr. Procedure as to the sale of the Paper Mill Property only, and not as to any other matter for which relief is provided herein.

4

Date: __Nov 26 2018_____                    /s/ Brian F. Kenney
                                                 _____
                                                 **Hon. Brian F. Kenney**
                                                 **United States Bankruptcy Judge**

                                                 Entered on Docket: November 26, 2018

**I Ask For This:**

/s/ Kevin M. O'Donnell_____
Bruce W. Henry, VSB # 23951
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB # 71860
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, Virginia 22314
(703) 548-2100
Counsel to the Movants

**Seen and Objected To:**

 /s/ Fenlene Edrington_____
Fenlene Edrington, VSB #82067
297 Herndon Parkway
Suite 203
Herndon, VA 20170
(703) 437-7305
Counsel to the Debtor