**United States Bankruptcy Court**
**Eastern District of Virginia**
**<u>Alexandria Division</u>**

**In re:**

**Ben Pourbabai,**                                              Case No. 18-13560-BFK

  **Debtor.**                                                    Chapter 11

**Motion to Dismiss or Convert Case to Chapter 7 and**
**<u>Motion to Shorten Notice Period for Hearing this Motion</u>**

Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and moves the court to:

(1) Dismiss or convert this case to a case under Chapter 11 of the Bankruptcy Code because the Debtor did not read the Statements and Schedules, Section 1112(b)(4)(a);

(2) To shorten the notice period for a hearing on this motion to dismiss or convert case to Chapter 7, Bankruptcy Rule 9006(c)(1).

In support of these motions the following representations are made.

1. The court has authority to hear and decide this matter. 28 U.S.C. §1334.

2. This is a core proceeding because it is a matter concerning the administration of the estate. 28 U.S.C. §157(b)(2)(A).

3. On January November 23, 2018, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.  The case was converted to Chapter 11 on December 13, 2018.

John P. Fitzgerald, III
Acting United States Trustee
For Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
Jack Frankel, Attorney
(703) 557-7229

4. On February 21, 2019, the continued meeting of creditors in the Chapter 11 case was held.

5. The Debtor with his counsel, Fenlene H. Edrington, appeared at the continued meeting.

6. The Debtor was duly sworn.

7. The Debtor testified, among other things, that he had not read the petition, schedules and statements.

8. The Debtor testified that he had "glanced" at them. He also testified that he "trusted" his attorney in that the petition, schedules and statements were correct.

9. The Debtor signed the following statement: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." Declaration About an Individual Debtor's Schedules, Docket No. 98, page 29.

10. The Debtor also signed the following statement: "I have read the answers on the *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both." Statement of Financial Affairs, Docket No. 98, page 37.

## Argument

### Dismissal or Conversion to Chapter 7 Warranted

A Chapter 11 case may be dismissed or converted for cause. 11 U.S.C. §1112(b)(4).

Cause exists to dismiss or convert this case to Chapter 7.

As stated, the Debtor testified at the meeting of creditors that he did not read the schedules and statements. However, the Debtor signed, under penalty of perjury, that he had read them.

Bankruptcy is serious business. Bankruptcy provides time for financially hard-pressed debtors time to reorganize their affairs. It stays most creditor actions.

The bankruptcy system rests on honesty and veracity of the debtors. The information provided in the schedules and statements must be reliable and accurate. For the Debtor to testify that he did not read the statements and schedules, which he signed under penalty of perjury, declaring he had read them, is anathema to the bankruptcy process. This cavalier disregard for the seriousness of the bankruptcy process should not be tolerated or excused.

Under Section 1112(b) of the Bankruptcy Code, the Court may find cause for dismissal or conversion if there has been a lack of good faith. "The good faith requirement attempts to prevent abuse of the provisions, purpose or spirit of the Bankruptcy Code." *In re Adler*, 329 B.R. 406, 410 (Bankr. S.D. NY 2005)

Wherefore, this case should be dismissed or converted to Chapter 7, whichever is in the best interests of the estate and the creditors.

## **Reduction in Notice Period Warranted**

Bankruptcy Rule 9006(c)(1) allows the court, in its discretion and for cause, to reduce the 21-day notice period for a motion to dismiss or convert a case to Chapter 7.

Pursuant to Local Bankruptcy Rule 9013-1(N), the Acting United States Trustee for Region Four, by counsel, certifies:

(1) That counsel has carefully examined this matter and concluded that there is a true need for an expedited hearing on this matter;

(2) That the need for this expedited hearing has not been created through any lack of due diligence on the part of the counsel for the Acting United States Trustee for Region Four;

(3) That counsel for the Acting United States Trustee for Region Four has made a *bona fide* effort to resolve this matter without a hearing. This matter cannot be resolved without a hearing in that the Debtor testified he signed the petition, schedules and statements without reading them.

Wherefore, the notice period for a hearing on the motion to dismiss or convert should be reduced.

February 25, 2019 

John P. Fitzgerald, III
Acting United States Trustee
For Region 4

/s/  Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7229

Certificate of Service

I hereby certify that on the 25th day of February, 2019, I mailed, first class, postage prepaid, a true copy of these motions to:

| | |
|---|---|
| Fenlene H. Edrington, Esq.<br>Moreton and Edrington, PC<br>297 Herndon Parkway, Suite 203<br>Herndon, VA 20170 | Ben Pourbabai<br>9896 Sunnybrook Dr.<br>Great Falls, VA 22066 |

/s/  Jack Frankel

        John P. Fitzgerald, III
        Acting United States Trustee
        For Region 4

        /s/  Jack Frankel
        Jack Frankel, Attorney
        Office of United States Trustee

**Certificate of Service**

I hereby certify that on the 22nd day of February, 2019, I mailed, United States mail, first class, postage prepaid, a true copy of this motion to the Debtor and to the Debtor's attorney.

| | |
|---|---|
| Fenlene H. Edrington, Esq.<br>Moreton and Edrington, PLC<br>297 Herndon Parkway, Suite 203<br>Herndon, VA 20170<br>Email: fhe@melawva.com | Ben Pourbabi<br>9896 Sunnybrook Drive<br>Great Falls, VA 22066 |

        /s/  Jack Frankel