### United States Bankruptcy Court
### Eastern District of Virginia
### <u>Alexandria Division</u>

**In re:**

**Ben Pourbabi,**                                                                 Case No. 18-13560-BFK

   **Debtor.**                                                                      **Chapter 11**

### <u>Supplement to Motion to Dismiss or Convert Case to Chapter 7</u>

   Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and files this supplement to the motion to dismiss or convert this case to a case under Chapter 7 of the Bankruptcy Code. Docket No. 137.

   The motion was filed because the Debtor stated at a continued meeting of creditors, conducted on February 21, 2019, that he did not "read" the schedules and statements.

   The transcript of the meeting has been submitted as an exhibit to the motion to dismiss or convert.

   The Debtor stated, among other things, the following:

<u>Transcript, Page 53, Line 2</u>

Q.  [Jack Frankel]  So your testimony – I just want to make sure I understand it – its your testimony  that – well, let me ask you about the amended schedules.  Are those corrected?

**A.  [Debtor]  To the best of my knowledge.  I trust Ms. Edrington.  She has been very honorable with me.  If she thinks that these are the numbers we have agreed upon.  I agree with that.**

John P. Fitzgerald, III
Acting United States Trustee
For Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
Jack Frankel, Attorney
(703) 557-7229

Q.  Well, did you read the amended schedules and statements?

**A.  I browsed through it.**

Q.  You glanced through it?

**A.  Yes.**

Q.  You didn't read it?

**A.  I browsed through it.**

Q.  So you didn't go over it carefully?

**A.  No.**

Q.  Did you sign it?

**A.  Yes, I did.**

Transcript, Page 56, Line 6

Q.  [Jack Frankel]  Okay.  You just signed it, you didn't read it?  You just signed it?

**A. [Debtor]  Yes.**

Q.  You trusted Ms. Edrignton that the information was correct?

**A.  Yes. Yes. I still do.**

Q.  Okay.  And that's what happened also on the initial schedule –

**A.  Yes.**

Q.  – when you filed the Chapter 13?

**A.  And when I retained her. Everything is based on trust.**

Transcript, Page 13, Line 13

Q.  [Jack Frankel]  Okay.  Let me ask you this.  Did you read and review the bankruptcy petition,

schedules and statement of financial affairs?  Did you read all these?

**A.  [Debtor]  I trusted Ms. Edrington. She's a very honorable lady.  She has been very kind**

**to assist me.  I'm under tremendous pressure so she covers for me.  She provides**

**documents.  I trust her and sign everything?**

Q.  But did you read it?

**A. I didn't pay attention to details, no.**

Transcript, Page 11, Line 6

Q. [Jack Frankel]  So you never lived in Virginia in the last two years?

**A. [Debtor]  Never. Not last two years. Since 2013.**

Q.  So can you tell me why the bankruptcy case was filed in Virginia?

**A.  Because it was a mistake.  I informed Ms. Edrington that I do not qualify.  She said file**

**for Chapter 13, even though I had $5 million worth of assets, I didn't know the rules. Ms.**

**Edrington said we file for Chapter 13.  Later on you could switch to Chapter 11.  I had no**

**idea what's the meaning of this.**

Q.  Okay.  Are most of your assets or some of your assets in Virginia?

**A.  Only one asset.  The majority of my assets, ninety percent are in Washington, D.C.**

-------------------------------------------------------------------------------------

The Debtor's address of record is 9896 Sunnybrook Drive, Great Falls, Virginia.

Contrary to the Debtor's testimony, the Debtor checked in response to the question "Why you

are choosing *this district* to file for bankruptcy" that "Over the last 180 days before filing this

petition I have lived in this district longer than in any other district." Voluntary Petition for Individuals Filing for Bankruptcy, Docket No. 1, Page 2.

Not carefully reading the petition, schedules and statements evidences "bad faith" on the Debtor's part.  All debtors are required to take their responsibility seriously in answering every question correctly and carefully.

The Debtor's indifference to the accuracy of his answers should not be accepted.  What confidence will creditors and parties in interest have in the integrity of this bankruptcy case?  In a Chapter 7 case, the Debtor would be denied a discharge.  As former Chief Judge Bostetter stated "Courts have held that a reckless disregard of both the serious nature of the information sought [in the petition, schedules and statements] and the necessary attention to detail and accuracy in answering may rise to the level of the fraudulent intent necessary to bar a discharge." *In re Johnson* 139 B.R. 163, 166 (Bankr. E.D. VA 1992) (citations omitted).

This Debtor should not be a debtor in possession.  This case should be dismissed or converted to Chapter 7.


John P. Fitzgerald, III
Acting United States Trustee
For Region 4


/s/  Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee

## **Certificate of Service**

I hereby certify that on the 6th day of March, 2019, I e-mailed a copy of this supplement to

the motion to dismiss or convert to the Debtor's attorney, Fenlene H. Edrington,

fhe@melawva.com.

/s/  Jack Frankel